(No. 68848.—

THERESA ANTUNES, Indiv. and as Special Adm'r of the Estate of Deborah Jewell, Deceased, v. DR. SA-MERNG SOOKHAKITCH *et al.* (Pap Smear Center, Inc., Appellee; Dr. Wilfredo Granada *et al.*, Appellants).

*Opinion filed January 30, 1992.—Rehearing denied March 30, 1992.*

Wildman, Harrold, Allen & Dixon, of Chicago (James A. Christman and Ruth E. VanDemark, of counsel), and Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Louis W. Brydges, Sr., and Leslie A. Peterson, of counsel), for appellants.

Peterson & Ross, of Chicago (J. Robert Geiman and David J. Novotny, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Third-party defendants, Dr. Wilfredo Granada (Granada) and Dr. Frank Sun (Sun), appeal from the appellate court's decision which reversed the trial court's dis-

missal of the third-party complaints. (181 Ill. App. 3d 621.) The trial court dismissed the third-party complaints based on the statute of repose contained in section 13—212(a) of the Code of Civil Procedure (the medical malpractice statute of repose) (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)). We allowed Granada and Sun's petition for leave to appeal. (134 Ill. 2d R. 315.) In their appeal to this court, Granada and Sun have filed joint briefs.

Appellee, Pap Smear Center, Inc. (Pap Smear Center), is a defendant in the underlying complaint. The complaint is brought by a special administrator of the estate of the deceased plaintiff on behalf of a surviving minor child. The minor's action was brought outside of the filing period of the general statute of repose of subsection (a) of section 13—212, but within the repose period for minors set forth in subsection (b) of section 13—212. (Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b).) Pap Smear Center brought the third-party complaints against Granada and Sun.

Granada and Sun contend that the appellate court erred in holding that subsection (a) of section 13—212 does not govern contribution actions based on allegations of medical malpractice. They assert that the appellate court's decision is contrary to this court's recent decisions in *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, and *Vogt v. Corbett* (1990), 138 Ill. 2d 482, which held that subsection (a) of section 13—212 governs contribution actions based on medical malpractice brought from underlying complaints which also allege medical malpractice. *Hayes* and *Vogt* were decided after Granada and Sun's petition for leave to appeal was granted, but prior to the filing of the parties' briefs.

Pap Smear Center contends that the statute of repose for minors, set forth in subsection (b) of section 13—212, applies not only to the minor plaintiff's action in the instant case, but also to Pap Smear Center's

third-party complaints. Granada and Sun contend that the repose statute for minors does not govern the filing of Pap Smear Center's third-party complaints.

In view of *Hayes* and *Vogt*, the question before us is whether the eight-year period of repose for minors in subsection (b), rather than the general four-year period in subsection (a), applies to Pap Smear Center's contribution claims. Ill. Rev. Stat. 1987, ch. 110, pars. 13–212(a), (b).

## FACTS

On April 7, 1981, Deborah Jewell (Jewell) filed a complaint alleging medical negligence against Dr. Samerng Sookhakitch (Sookhakitch) based on Sookhakitch's gynecological treatment of Jewell between May 29, 1979, and June 16, 1980. The complaint alleges, among other things, that Sookhakitch failed to properly read the results of Jewell's pap smear, failed to forward the pap smear to a qualified medical facility for appropriate interpretation, misdiagnosed Jewell's medical condition, and failed to diagnose cervical cancer. As a result of the alleged negligence, Jewell's condition allegedly progressed to a state of malignancy which subsequently metastasized.

On August 26, 1981, Jewell died. Thereafter, Theresa Antunes (Antunes), Jewell's mother, was appointed as special administrator of Jewell's estate and substituted as plaintiff. While the original action was pending, the trial court granted Sookhakitch leave to file a third-party complaint against Pap Smear Center, but Sookhakitch did not file a third-party complaint. Antunes later voluntarily dismissed the complaint.

On April 1, 1985, within one year of the voluntary dismissal, Antunes refiled the action against Sookhakitch. The refiled complaint alleges that Jewell's death resulted from the malignancy and metastasized condi-

tion. Further, Jewell left surviving her, Antunes, her mother, and Eileen Showalter (Showalter), her daughter, both of whom allegedly sustained pecuniary loss as a result of Jewell's death.

On December 12, 1986, Sookhakitch filed a third-party complaint against Pap Smear Center. Pap Smear Center was served with summons on February 5, 1987. On March 24, 1987, Pap Smear Center filed a motion to dismiss the third-party complaint, which motion the trial court subsequently denied. Then, on March 30, 1987, Antunes filed an amended complaint, naming both Sookhakitch and Pap Smear Center as defendants. The amended complaint alleges medical negligence against Pap Smear Center for, among other things, failing to properly interpret or evaluate pap smears of Jewell obtained from Sookhakitch.

On June 4, 1987, Pap Smear Center filed, and the trial court subsequently granted, a section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) motion to dismiss the amended complaint as being time-barred. Antunes filed a motion to reconsider, asserting that one count of the amended complaint named Jewell's minor daughter, Showalter, as a surviving next of kin. Accordingly, Antunes argued, pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 2(c)), the action brought on behalf of Showalter was timely filed. After considering her motion, the trial court granted Antunes leave to file a second-amended complaint. On September 14, 1987, Antunes filed a second-amended complaint against Sookhakitch and Pap Smear Center. Count IV, the only count directed against Pap Smear Center, alleges medical negligence and is brought pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 et seq.) on behalf of Showalter. Specifically, count IV alleges, among other things, that between May 25, 1979, and June 16, 1980, Pap Smear Center was employed by Sookhakitch

to process and evaluate the pap smears of plaintiff's decedent. Further, count IV alleges that Pap Smear Center failed to properly interpret or evaluate the pap smears; reported to Sookhakitch that the pap smears were "normal"; and failed to discover that the pap smears revealed a malignancy.

On November 23, 1987, Pap Smear Center filed separate third-party complaints for contribution against appellants Sun and Granada based on allegations of medical negligence. The third-party complaints allege that in the event that Pap Smear Center is found liable to plaintiff in the underlying action, based on the wrongful-death count of the second-amended complaint, Sun and Granada are liable to Pap Smear Center for contribution commensurate with their relative degrees of culpability to plaintiff.

Pap Smear Center alleges that Sun negligently provided medical treatment and care to Jewell between May 25, 1979, and November 19, 1980. Pap Smear Center alleges that Granada negligently treated Jewell between January 15, 1979, and April 9, 1981. The third-party complaints allege that Sun and Granada failed to take a complete medical history of Jewell, wrongfully diagnosed her condition, and failed to diagnose cervical cancer. Granada filed an answer to the third-party complaint, admitting that he treated Jewell during the period alleged, but denying the other material allegations of the third-party complaint.

Sun filed a motion to dismiss the third-party complaint based on the four-year general medical malpractice statute of repose in subsection (a) of section 13—212 (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)). Sun's motion asserted that the third-party complaint was filed more than four years after the alleged negligent treatment and more than four years after Jewell's death. The trial court granted the motion to dismiss on April 22,

1988. On May 9, 1988, Granada filed a motion for summary judgment from Pap Smear's third-party complaint based on subsection (a) of section 13—212. Granada argued that the third-party complaint was filed outside the four-year repose period, because whereas Granada's treatment of Jewell took place between January 15, 1979, and April 9, 1981, the third-party complaint was filed on November 23, 1987. On June 16, 1988, the trial court granted Granada's motion for summary judgment.

The appellate court reversed, holding that the limitations period for contribution actions (Ill. Rev. Stat. 1987, ch. 110, par. 13—204) controlled the filing of the third-party complaints rather than the medical malpractice statute of repose of section 13—212(a). (181 Ill. App. 3d at 627-28.) We affirm the appellate court's judgment, but for reasons different from those relied upon by the appellate court.

## DISCUSSION

Appellants Granada and Sun contend that *Hayes* and *Vogt* compel reversal of the appellate court opinion in the instant case. Granada and Sun assert that application of the rationale of *Hayes* and *Vogt* shows that subsection (a) of section 13—212 applies to the third-party complaints and operates to bar the actions as being untimely filed. Appellee Pap Smear Center counters that its contribution actions were timely filed because they were properly brought within the repose period of subsection (b) of section 13—212.

Both parties agree that *Hayes* held, and *Vogt* effectively reaffirmed, that the limitations period of section 13—212(a) applies to a contribution claim brought against physicians for medical negligence where the underlying complaint also alleges medical negligence. The parties, however, then depart, taking contrary views of the effect of *Hayes* and *Vogt* on the instant facts.

I. Construction and Application of Section 13—212

The parties' arguments require us to construe sections 13—212(a) and (b) (Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b)) in relation to Pap Smear Center's third-party actions. In construing a statute, the court must give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316.) To ascertain the legislative intent, the court must look first to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 318.) Where the meaning of a statute is not clear from the statutory language itself, the court also properly considers the purpose of the enactment and the evils to be remedied. (*Castaneda*, 132 Ill. 2d at 318; *American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 239.) Further, where the statutory language is unclear, the legislative history of the statute may aid the court in determining the legislative intent. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 279.

First, we look to the language of sections 13—212(a) and (b), which provides in pertinent part:

"(a) \*\*\* [N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) *** [N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987." Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b).

Granada and Sun contend that the four-year repose period of subsection (a) of section 13—212 controls and bars Pap Smear Center's contribution claims. Granada and Sun cite several rules of statutory construction which, they argue, preclude the allowance of Pap Smear Center's third-party complaints under the eight-year repose period of subsection (b). For instance, Granada and Sun cite the "plain and ordinary meaning" rule to support their assertion that subsection (b) cannot apply to anyone other than minors, and must be read to exclude actions brought by nonminors, such as Pap Smear Center. Granada and Sun further contend that because the legislature did not enact an exception to the four-year repose period for third-party actions brought by corporate and nonminor defendants, such as Pap Smear Center, sued by minors, application of subsection (b) to allow for the bringing of the third-party complaints would violate the "no absurdity" rule of statutory construction. Sun and Granada cite *People v. Steppan* (1985), 105 Ill. 2d 310, 316.

Pap Smear Center counters that subsection (b) of section 13—212 governs the filing of the third-party complaints. Pap Smear Center asserts that the construction of the statute urged by Granada and Sun would result in "absurdity and injustice," contrary to rules of construction set forth in *Steppan, Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, and *Illinois Crime Investigating Comm'n v. Buccieri* (1967), 36 Ill. 2d 556, 561. Under Granada and Sun's statutory construction, Pap Smear Center argues, its contribution actions were barred before Pap Smear Center was named as a defendant in the underlying action. Moreover, Pap Smear Center asserts, if the four-year statute of repose of subsection (a) is applied, then Pap Smear Center's contribution actions were untimely even though the minor plaintiff was still able to bring a direct action against the physicians for the same alleged negligence. Further, Pap Smear Center contends that the "thrust" of *Hayes* is that contribution actions must be filed within the "same" repose period applicable to the "innocent plaintiff" in the underlying action. *Hayes*, 136 Ill. 2d at 461.

Statutes should be construed as to give them a reasonable meaning and in the most beneficial way to prevent absurdity or hardship. (*Illinois National Bank v. Chegin* (1966), 35 Ill. 2d 375, 378-79.) A statute will be interpreted to avoid a construction which would raise doubts as to the statute's validity. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363.

We find that subsection (b) of section 13—212 applies to Pap Smear Center's contribution actions. Accordingly, we hold that Pap Smear Center's third-party complaints were timely filed. The parties do not dispute that the repose period for the minor's action had not run when Pap Smear Center filed its contribution actions. The minor plaintiff's right to bring a wrongful-death action based upon medical malpractice, as is expressed in count IV of the second-

amended complaint, effectively tolled the general statute of limitations of section 13—212(a). (See *Dachs v. Louis A. Weiss Memorial Hospital* (1987), 156 Ill. App. 3d 465; Ill. Rev. Stat. 1987, ch. 110, pars. 13—212(a), (b).) Subsection (b) of section 13—212 provides that if the bringing of an action by a minor is affected by the 1987 amendment, then the minor "may bring the action within 3 years of July 20, 1987." (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(b).) The parties agree that the minor plaintiff had until July 20, 1990, to file a medical malpractice action against Sun and Granada under the repose period of subsection (b). Pap Smear Center filed its third-party complaints on November 23, 1987.

Further, the record shows that Pap Smear Center acted reasonably diligently in filing its third-party actions for contribution, approximately 10 weeks after being named as a defendant in the second-amended complaint. Although Pap Smear Center was aware of the underlying cause when it was initially served with summons on February 5, 1987, nevertheless, summons on that date was on Pap Smear Center as a third-party defendant rather than a primary defendant in the underlying action. On March 24, 1987, approximately seven weeks after being served with summons on the third-party complaint, Pap Smear Center filed a motion to dismiss the third-party complaint. On March 30, 1987, Pap Smear Center was initially named as a primary defendant when plaintiff filed an amended complaint.

On June 4, 1987, Pap Smear Center filed, and the trial court subsequently granted, a motion to dismiss the amended complaint as being time-barred. The trial court, however, granted the plaintiff's motion to reconsider its ruling on the motion, and granted the plaintiff leave to file a second-amended complaint. The plaintiff filed a second-amended complaint on September 14, 1987. Pap Smear Center filed its third-party complaints for contribution

against Granada and Sun on November 23, 1987, approximately 10 weeks later. The record thus shows that Pap Smear Center acted diligently in filing its third-party complaints, after first unsuccessfully moving for a dismissal of the underlying complaint as being time-barred. In the instant case, the record does not show, and the parties do not argue, that there are problems of delay in Pap Smear Center's bringing of its third-party actions.

Moreover, application of subsection (b) of the statute avoids the absurdity and injustice that would result by application of subsection (a). For instance, application of the repose period of subsection (a) to the third-party complaints, without consideration of subsection (b), would result in Pap Smear Center's being barred from filing third-party complaints nearly three years before it was even named as a defendant in the underlying action. Pap Smear Center was initially named a defendant in the underlying action on March 30, 1987, in plaintiff's first-amended complaint (which was subsequently dismissed and later amended). The amended complaint alleged that Pap Smear Center committed negligence between May 25, 1979, and June 16, 1980. Under the four-year repose period of subsection (a) of section 13—212, Pap Smear Center would be barred, as of March 30, 1987, from bringing an action for contribution, because four years already had elapsed from the date of the occurrence, the latest date of the occurrence being June 16, 1980. Thus, we agree with Pap Smear Center that application of subsection (a) to its third-party complaints would lead to an inequitable result which was not contemplated by the legislature. See *Harris*, 111 Ill. 2d 350.

## II. Legislative History and Purpose

Granada and Sun also contend that the legislative history and purpose of subsection (b) of section 13—212 show the legislative intent that subsection (b) apply only to

actions brought on behalf of minor plaintiffs. Granada and Sun note that prior to the enactment in 1987 of subsection (b), there was no repose period governing a minor's medical malpractice action during minority. Rather, section 13–212 provided that the two-year statute of limitations and the four-year "discovery" period were tolled until the minor reached age 18 years. (Ill. Rev. Stat. 1985, ch. 110, par. 13–212.) Subsection (b)'s new eight-year period of repose restricts the right of minors to bring malpractice actions during their minority. Granada and Sun contend that the enactment in 1987 of subsection (b) indicates the legislative intent to further the goal of shortening the "long tail" of malpractice liability. Granada and Sun contend that this legislative purpose shows that subsection (b) does not apply but, rather, subsection (a) of section 13–212 applies to bar the instant third-party complaints.

In support of its contrary assertion that subsection (b) applies to its third-party complaints, Pap Smear Center cites language in *Hayes* regarding the purpose of the general medical malpractice statute of repose in subsection (a). We agree with Pap Smear Center that application of *Hayes* to the instant facts shows that Pap Smear Center's third-party complaints were timely filed. We point out, however, that in *Hayes*, this court did not specifically review subsection (b), but rather looked only to subsection (a) of section 13–212. Pap Smear Center quotes:

> "This definite period in which an action could be filed was viewed as necessary to prevent extended exposure of physicians and other hospital personnel to potential liability for their care and treatment of patients, thereby increasing an insurance company's ability to predict future liabilities." *Hayes*, 136 Ill. 2d at 458.

*Hayes* concluded that the "or otherwise" language in section 13–212(a) includes contribution actions as well as direct actions. *Hayes* held that such an interpretation was intended by the legislature to avoid subjecting health care

providers and their insurers to liability in contribution beyond "the definite period in which an action could be filed" by the plaintiff. This court further stated in *Hayes*:

"Because a suit for contribution against the insured for damages arising out of patient care exposes insurance companies to the same liability as if the patient were to have brought a direct action against the insured, we believe that the term 'or otherwise' in the medical malpractice statute of repose includes actions for contribution against a physician for injuries arising out of patient care." (*Hayes*, 136 Ill. 2d at 458.)

Pap Smear Center asserts that barring its contribution claims would not prevent extended exposure to potential liability in the instant case because Granada and Sun were still subject to direct actions by the minor plaintiff at the time the third-party complaints were filed.

Pap Smear Center further quotes from *Hayes*:

"[T]he General Assembly perceived the medical malpractice insurance crisis as so grave that it limited to four years a patient's right to bring an action against certain health-care providers for damages arising out of patient care. For that reason, we find it difficult to believe that the General Assembly did not also intend to bar a culpable party's claim for contribution if not filed *within the same* statutory four-year period allowed an innocent plaintiff." (Emphasis added.) (*Hayes*, 136 Ill. 2d at 461.)

Pap Smear Center asserts that *Hayes* indicates that the contribution action must be filed within the "same" repose period, here, the eight-year period of subsection (b), applicable to the "innocent plaintiff," in this case, the minor, Showalter. Thus, Pap Smear Center's third-party complaints would be subject to the same time restrictions as an action by Showalter against Granada and Sun. Pap Smear Center argues that applying the statute of repose for minors to the third-party complaints also would further the goal stated in *Hayes* of avoiding subjecting physicians

and their insurers to liability beyond a definite time period during which actions could be filed by minor plaintiffs.

We agree that *Hayes* supports a conclusion under the facts of the instant case that the contribution actions were timely because they were filed within the "same" repose period applicable to the "innocent plaintiff." As Pap Smear Center points out, allowing the filing of its third-party actions within the same period of repose as the minor's underlying complaint does not have the effect of lengthening the period of potential liability of Granada and Sun or their insurers. Granada and Sun were still potentially subject to suit by the minor plaintiff at the time that the third-party complaints were filed.

Moreover, applying the more restrictive four-year repose period to Pap Smear Center's third-party complaints would not prevent extended exposure to potential liability for Granada and Sun and their insurers, because Granada and Sun are subject to potential liability to Showalter for the extended eight-year repose period. The allowance of Pap Smear Center's filing of its third-party complaints within the extended eight-year repose period of subsection (b), then, is in accord with the legislative purpose discussed in *Hayes* of preventing extended exposure to potential liability for physicians and their insurers.

We also note, however, that *Hayes* does not review the purpose or legislative history of the 1987 enactment of subsection (b). Although the purpose and construction of subsection (a) as discussed in *Hayes* is helpful to our analysis here, the case before us necessarily involves consideration of matters outside the scope of subsection (a). Accordingly, our inquiry must go beyond the holding of *Hayes* in order for us to resolve the questions in the instant case.

We look to the legislative history of subsection (b). Senator Marovitz, who proposed the 1987 amendment, stated that the prior statute (Ill. Rev. Stat. 1985, ch. 110, par.

13—212) contained a period of potential liability that allowed for the filing of actions by minors up to 22 years after the injury occurred, and often led to problems of evidence being lost and witnesses being unavailable. (85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 196 (statement of Senator Marovitz).) Senator Marovitz stated that the new subsection (b), with its more restrictive eight-year repose period for minors, was intended "to aid both in determining insurance rates and in the length of time for which a potential defendant is exposed while based on past practice not unreasonably limiting a plaintiff's ability to bring a lawsuit." 85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 197 (statement of Senator Marovitz).

Thus, the legislative history of subsection (b) indicates a legislative intent to restrict the period during which minors may bring medical malpractice suits. Subsection (b)'s enactment marked a change in the law to favor a shorter repose period for minors. This amendment is in accord with the earlier-stated legislative purpose of shortening the "long tail" of medical malpractice liability. (See *Hayes*, 136 Ill. 2d at 457-59.) We find nothing, however, in the legislative history of subsection (b), which is contradictory to our analysis in the instant case. As we have stated, the effect of our decision is not to extend the period of potential liability of Granada and Sun.

### III. Policy Considerations Regarding Actions by Minors

Finally, Granada and Sun contend that the public policy considerations generally underlying special repose periods for actions by minors would not be served by applying the same repose period to third-party suits or other actions brought by non-minors. Further, Granada and Sun argue that applying the repose period for minors to Pap Smear Center's third-party complaints would defeat the legislative goal of shortening the "long tail" of liability in medi-

cal malpractice actions. Granada and Sun cite several appellate court cases which set forth the policy of protecting the rights of minors to sue until they reach majority. *Klawitter v. Crawford* (1989), 185 Ill. App. 3d 778, 783-84; *Bernstein v. Gottlieb Memorial Hospital* (1989), 185 Ill. App. 3d 709, 714-15; *Fess v. Parke, Davis & Co.* (1983), 113 Ill. App. 3d 133, 135-36.

Without doubt, Illinois has a long-established policy of protecting the right of minors to bring suit. As stated in *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56, and reiterated in *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520, "A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights." While the cited policies are among those which underlie the repose period set forth in subsection (b) of section 13—212, the result obtained here does not thwart those policies. Rather, we believe that the result in this case honors those policies, while at the same time, prevents those policies from being employed to unfairly preclude third-party actions brought from actions by minors.

For the foregoing reasons, we affirm the judgment of the appellate court and reverse the judgment of the trial court.

*Appellate court affirmed;*
*circuit court reversed.*