No.  3--96--0499

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

PAUL A. FRANKLIN,             )  Appeal from the Circuit Court

                              )  of the 14th Judicial Circuit,

     Plaintiff-Appellant,     )  Henry County, Illinois,

                              )

     v.                       )  No.  93 L 24

                              )

RICHARD CERNOVICH, M.D.,      )  Honorable 

                              )  Jay Hanson,

     Defendant-Appellee.      )  Judge, Presiding.

________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

     In this case we must determine whether the two-year statute

of limitations for bringing a medical malpractice action (735

ILCS 5/13-212(a) (West 1994)) applies when the plaintiff's cause

of action accrued while he was a minor.  We find that it does,

but that the limitations period does not begin to run until the

plaintiff reaches the age of 18.

                                   Facts

     Plaintiff Paul Franklin was injured in an automobile

accident and was treated by the defendant, Dr. Richard Cernovich,

from June 26, 1988, through July 15, 1988.  Plaintiff was 16

years old at that time.  On July 16, 1988, plaintiff went to St.

Francis Hospital where an x-ray revealed that plaintiff had

suffered an undiagnosed hip fracture.  Plaintiff filed suit for

medical malpractice on March 17, 1993, alleging, inter alia, that

defendant was negligent in failing to timely diagnose the hip

fracture.  Defendant filed a motion for summary judgment on the

basis that plaintiff failed to sue within two years of reaching

the age of majority.  The trial court granted the motion, ruling

that plaintiff had two years to file suit from the time he

discovered the injury on July 16, 1988.  The court also ruled

that the eight-year limitations period referred to in subsection

(b) of section 13-212 of the Code of Civil Procedure (the Code)

(735 ILCS 5/13-212(b) (West 1994)) was a statute of repose rather

than a statute of limitations and therefore it did not apply.

                                Discussion

     On appeal, plaintiff contends that the trial court erred in

applying the two year statute of limitations contained in

subsection (a) of section 13-212 of the Code.  Plaintiff

maintains that subsection (b) is both a statute of limitations

and a statute of repose, and it exclusively applies to causes of

action which occur and accrue during minority.

     Section 13-212 provides:

               "Physician or hospital.  (a) Except as

          provided in Section 13-215 of this Act, no

          action for damages for injury or death

          against any physician *** shall be brought

          more than 2 years after the date on which the

          claimant knew, or through the use of

          reasonable diligence should have known, or

          received notice in writing of the existence

          of the injury or death for which damages are

          sought in the action, whichever of such date

          occurs first, but in no event shall such

          action be brought more than 4 years after the

          date on which occurred the act or omission or

          occurrence alleged in such action to have

          been the cause of such injury or death.

               (b) Except as provided in Section 13-215

          of this Act, no action for damages for injury

          or death against any physician *** shall be

          brought more than 8 years after the date on

          which occurred that act or omission or

          occurrence alleged in such action to have

          been the cause of such injury or death where

          the person entitled to bring the action was,

          at the time the cause of action accrued,

          under the age of 18 years; provided, however,

          that in no event may the cause of action be

          brought after the person's 22nd birthday. 

          ***

               (c) If the person entitled to bring an

          action described in this Section is, at the

          time the cause of action accrued, under a

          legal disability other than being under the

          age of 18 years, then the period of

          limitations does not begin to run until the

          disability is removed."  735 ILCS 5/13-212

          (West 1994).

            A.  Construction and Application of Subsection (b) 

                             of Section 13-212

     It is clear that subsection (b) of section 13-212 applies to

plaintiff's cause of action inasmuch as he was 16 years old at

the time his cause of action accrued.  What is less clear is the

effect of subsection (b) and whether and to what extent it is

affected by subsection (a).  Plaintiff contends that the effect

of subsection (b) is to give a minor plaintiff eight years or

until his 22nd birthday to file suit, whichever occurs first.  We

agree.  Plaintiff also maintains, however, that the period to

file suit is not affected by plaintiff's knowledge of the

existence of a cause of action.  In other words, a 16-year old

plaintiff who knows his injury was caused by negligence on the

day that it occurred, and a 16-year old plaintiff who becomes

aware of medical negligence on his 21st birthday, would each have

one year to file suit.  Such an interpretation makes sense only

if subsection (b) is both a statute of repose and a statute of

limitations.  However, it is clear that subsection (b) of section

13-212 is a statute of repose, not a statute of limitations,

because it extinguishes a cause of action regardless of whether

plaintiff knew of it or not.  See Mega v. Holy Cross Hospital,

111 Ill. 2d 416, 490 N.E.2d 665 (1986) (repose period gives

effect to different policy than that advanced by period of

limitations as it is intended to terminate liability despite

plaintiff's lack of knowledge of cause of action); Highland v.

Bracken, 202 Ill. App. 3d 625, 560 N.E.2d 406 (1990) (statute of

repose is essentially different from statute of limitations;

limitations statute  sets time limit which begins to run when

cause of action has ripened, while repose statute extinguishes

cause of action regardless of whether it has accrued); see also

Antunes v. Sookhakitch, 146 Ill. 2d 477, 588 N.E.2d 1111 (1992)

(referring to subsection (b) of section 13-212 as containing an

eight-year repose period).  Therefore, the effect of subsection

(b) is to establish an absolute limit for bringing suit of 8

years or until age 22 for minors injured by medical malpractice,

regardless of the plaintiff's lack of knowledge of the cause of

action.

            B.  Construction and Application of Subsection (a) 

                             of Section 13-212

     The remaining question is how the two-year statute of

limitations contained in subsection (a) of section 13-212 affects

minors injured by medical malpractice.  The trial court ruled

that a minor plaintiff has two years to file suit from the date

on which he knew or should have known of the injury.  Plaintiff

maintains that subsection (a) has no effect, because subsection

(b) applies exclusively to medical malpractice claims that accrue

during minority.  Such an argument ignores, however, the rule of

statutory interpretation requiring a statute to be evaluated as a

whole, with each section examined in relation to every other

section.  Bonaguro v. County Officers Electoral Board, 158 Ill.

2d 391, 634 N.E.2d 712 (1994); Scadron v. City of Des Plaines,

153 Ill. 2d 164, 606 N.E.2d 1154 (1992).

     Plaintiff relies on various rules of statutory construction

to support his argument that subsection (b) of section 13-212 is

the exclusive and controlling provision applicable to minors. 

However, "[t]he primary rule of statutory construction, to which

all other rules are subordinate, is to ascertain and give effect

to the true intent of the legislature."  People ex rel Baker v.

Cowlin, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992). 

Traditional rules of statutory construction are merely aids to

determining legislative intent, and those rules must yield to

such intent.  Collins v. Board of Trustees of the Firemen's

Annuity & Benefit Fund, 155 Ill. 2d 103, 610 N.E.2d 1250 (1993). 

Where, as in this case, the statutory language is ambiguous, it

is appropriate to examine the legislative history.  Baker, 154

Ill. 2d 193, 607 N.E.2d 1251; see Antunes, 146 Ill. 2d 477, 588 

N.E.2d 1111 (examining legislative history of subsection (b) of

section 13-212).  It is proper to consider the reasons for

enactment, the circumstances leading to adoption and the ends to

be achieved.  In re Marriage of Logston, 103 Ill. 2d 266, 469

N.E.2d 167 (1984).  In addition, where a statute has been

amended, a court will note the statutory language before the

change and the defect to be corrected before weighing the entire

statute in light of these considerations.  Marriage of Logston,

103 Ill. 2d 266, 469 N.E.2d 167.

     Subsection (b) of section 13-212 was enacted in 1987 as an

amendment to section 13-212.  Prior to amendment, that section

provided:

               "Physician or hospital.  No action for

          damages for injury or death against any

          physician *** shall be brought more than 2

          years after the date on which the claimant

          knew, or through the use of reasonable

          diligence should have known, or receive

          notice in writing of the existence of the

          injury or death for which damages are sought

          in the action, whichever of such date occurs

          first, but in no event shall such action be

          brought more than 4 years after the date on

          which occurred the act or omission or

          occurrence alleged in such action to have

          been the cause of such injury or death except

          as provided in Section 13-215 of this Act.

               If the person entitled to bring the

          action is, at the time the cause of action

          occurred, under the age of 18 years, or under

          legal disability or imprisoned on criminal

          charges, the period of limitations does not

          begin to run until the disability is

          removed."  (Emphasis added).  Ill. Rev. Stat.

          1985, ch. 110, par. 13-212.

     Because of the statutory language emphasized above, both the

two-year statute of limitations and the four-year period of

repose were tolled until a minor reached the age of 18 years. 

This resulted in a potential "long tail" of liability of up to 22

years after the injury occurred.  See Antunes, 146 Ill. 2d 477,

588 N.E.2d 1111 (discussing the legislative history of subsection

(b), particularly the statement of Senator Marovitz (85th Ill.

Gen. Assem., Senate Proceedings, May 13, 1987, at 196)).  To

reduce this period of potential liability, the legislature

enacted subsection (b) of section 13-212, providing for an eight-

year repose period for minors.  Antunes, 146 Ill. 2d 477, 588

N.E.2d 1111.  The primary issue in this case is whether the

legislature also intended that the two-year statute of

limitations should apply to a minor who knew or should have known

of his injury.  We do not believe such a change was intended.

     As indicated above, prior to the 1987 amendment, medical

malpractice claims by minors were subject to neither the two-year

limitations period nor the four-year period of repose.  Surely,

if the legislature had intended to impose a two-year statute of

limitations where none had previously existed, such a radical

change in the law would have been reflected in the legislative

history of the amendment.  However, we have failed to find any

indication that a two-year limitations period was contemplated. 

Instead, we repeatedly find reference to an "eight-year [s]tatute

of [l]imitations."  85th Ill. Gen. Assem., Senate Proceedings,

May 13, 1987, at 197; May 14, 1987, at 74 (statements of Senator

Marovitz); see also 85th Ill. Gen. Assem., House Proceedings, May

20, 1987, at 322 (statement of Representative O'Connell,

referring to the compromise whereby the "statute of limitations"

was "reduced from 22 years to 8 years").  In addition, Senator

Marovitz explained that it was his understanding that over 90% of

medical malpractice cases involving minors were filed within

seven years.  Thus the eight-year period would promote certainty

and would aid in determining insurance rates and the length of

time a potential defendant was subject to liability, while "not

unreasonably limiting a plaintiff's ability to bring a lawsuit." 

85th Ill. Gen. Assem., Senate Proceedings, May 13, 1987, at 197

(statement of Senator Marovitz).  We believe that the complete

absence of any reference to the two-year statute of limitations,

along with clear indications that an eight-year period was

intended, establishes that the general two-year statute of

limitations of subsection (a) does not apply to medical

malpractice claims by minors.

     Defendant maintains, however, that even if the two-year

statute of limitations does not apply to a minor's cause of

action, the two-year period begins to run once the minor reaches

age 18.  We agree.  The clear intent of the legislature in

enacting subsection (b) of section 13-212 was to reduce the

period of potential liability and restrict a plaintiff's ability

to sue.  See Antunes, 146 Ill. 2d at 492, 588 N.E.2d at 1118

(legislative history of subsection (b) indicates a legislative

intent to restrict the period for bringing suit, in accord with

the legislative purpose of shortening the "long tail" of medical

malpractice liability).  Prior to 1987, section 13-212 provided

that the two-year statute of limitations and four-year period of

repose did not begin to run for a person under 18 until their

"disability" was removed by reaching age 18.  Ill. Rev. Stat.

1985, ch. 110, par. 13-212.  Thus a person who was aware of his

cause of action had until age 20 to file suit.  If the person was

not aware of the existence of the cause of action, he had until

age 22 to file, at which point the four-year statute of repose

would extinguish any liability.

     The amended section 13-212 mimics the earlier version by

setting the outside limit for bringing suit at age 22.  This is

consistent with the legislative intent to reduce liability while

not "unreasonably limiting" a plaintiff's ability to sue. 

However, if the 1987 amendment to section 13-212 is interpreted

as not imposing a two-year statute of limitations upon an 18-year

old plaintiff who is aware of his cause of action, the period

during which suit may be brought would be greater than that

available before amendment.  Such a result would expand potential

liability beyond what existed previously and would clearly be

contrary to the legislative goal of limiting liability.  We find,

therefore, that the two-year statute of limitations contained in

subsection (a) of section 13-212 began to run on plaintiff's 18th

birthday, March 17, 1990, and expired on March 17, 1992.  Since

plaintiff did not file suit until March 17, 1993, the trial court

properly granted defendant's motion for summary judgment.

                   C.  Due Process and Equal Protection

     Plaintiff also contends that the trial court's decision

denies his right to due process and deprives him of the equal

protection of the law.  However, plaintiff's arguments

essentially revolve around the application of the two-year

statute of limitations to a minor's cause of action.  Since we

have held that the two-year limitations period is not applicable

until age 18, plaintiff's assertions are largely irrelevant.  Cf.

Thompson v. Franciscan Sisters Health Care Corp., 218 Ill. App.

3d 406, 578 N.E.2d 289 (1991) (holding that subsection (b) of

section 13-212 did not violate due process or deny equal

protection to minors).

               D.  Prospective v. Retrospective Application

     Finally, citing Gilbert v. Sycamore Municipal Hospital, 156

Ill. 2d 511, 622 N.E.2d 788 (1993), plaintiff asserts that

affirming the trial court would "constitute judicial creation of

new law" which should only be applied prospectively.  We

disagree.

     In Gilbert the supreme court reconciled an inconsistency

between two of its prior decisions and a more recent case by

overruling the older cases.  The court applied its decision

prospectively, noting that "[a] new rule or decision will be

given prospective operation whenever injustice or hardship, due

to justifiable reliance on the overruled decisions, would thereby

be averted."  (Emphasis added.)  Gilbert, 156 Ill. 2d at 529, 622

N.E.2d at 797.  Unlike Gilbert, the decision in this case does

not overrule any prior decisions.  Instead, we have merely

interpreted the language in the statute in accordance with the

legislature's intent.  Judicial interpretation of a statute does

not necessarily constitute a change in the law, and the general

rule is that a decision will be applied retrospectively unless it

is a clear break with the past.  Larrance v. Illinois Human

Rights Comm'n, 166 Ill. App. 3d 224, 519 N.E.2d 1203 (1988).  We

see no reason in this case to depart from the general rule.

     For the reasons stated above, the judgment of the circuit

court is affirmed.

     Affirmed.

     McCUSKEY, J., concurs.

                               NO. 3-96-0499

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

PAUL A. FRANKLIN,                    )  Appeal from the Circuit Court 

                                )  of the 14th Judicial Circuit,

     Plaintiff-Appellant,       )  Henry County, Illinois

                                )

     v.                         )  No.  93 L 24

                                )

RICHARD CERNOVICH, M.D.,        )  Honorable

                                )  Jay Hanson

     Defendant-Appellee.        )  Judge Presiding.

                                                                  

                                     

                   JUSTICE BRESLIN specially concurring:

                                                                 

     

     I agree with the majority's decision that the plaintiff was

barred from bringing the present action.  However, I do not agree

with the holding that the limitations period does not begin to

run until the plaintiff reaches the age of 18.

     In my view, section 13-212 establishes a two-year statute of

limitations for all persons.  Additionally, subsection (a) gives

a four-year repose period to adults and subsection (b) gives an

eight-year repose period to minors which may not extend beyond

the individual's 22nd birthday.  Last but not least, subsection

(c) tolls the running of the limitations period for all persons

"under a legal disability other than being under the age of 18

***." 735 ILCS 5/13-212(c) (West 1994).  

     Had the legislature intended to toll the limitations period

for minors, it would have included minors in the tolling

provision in (c).  Instead, it specifically excepted them.  In my

opinion, this express exclusion of minors in subsection (c)

evidences a clear intent to subject minors to the two-year

limitations period provided in subsection (a).