15 June 1999

No.  3--98--0505

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

DENNIS BROOKS, individually, )  Appeal from the Circuit Court

and as parent and next friend )  of the 10th Judicial Circuit,

of BLAKE BROOKS, a minor, )  Peoria County, Illinois,

)

Plaintiff-Appellant, )

)

v. )  No.  97--L--235

)

CITY OF PEORIA, a municipal )  

corporation, )  Honorable

)  Rebecca R. Steenrod,

Defendant-Appellee. )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Plaintiff Blake Brooks, through his father and next friend Dennis Brooks, sought recovery for injuries he sustained when he fell off his bicycle while riding upon a residential sidewalk in the City of Peoria, Illinois.  Plaintiff alleged that the sidewalk had deteriorated at its edges causing plaintiff to slip and fall into an adjacent concrete drainage ditch.  Defendant City of Peoria brought a motion for summary judgment and argued that it owed no duty of care to the plaintiff because the plaintiff bicyclist was not an intended user of the sidewalk.  The trial court agreed and granted summary judgment in favor of the defendant.  Plaintiff appeals.

FACTS

On July 2, 1997, plaintiff, who was seven years old at the time, was riding his bicycle upon a residential sidewalk in the City of Peoria.  Due to an alleged deterioration of the sidewalk, he lost control of his bicycle and fell into an adjacent concrete drainage ditch.  Plaintiff sustained severe injuries and sought recovery from the City of Peoria.

Defendant City of Peoria brought a motion for summary judgment, contending that as a matter of law, defendant owed no duty of care to the plaintiff because plaintiff was not an intended user of the sidewalk.  In support of this contention, defendant introduced the affidavit of a traffic design engineer for the City of Peoria and a bicycle map showing bicycle routes along streets throughout the City of Peoria.  The bicycle route along the street where plaintiff fell is designated a Class III bikeway, which requires the cyclist to share the street with motor vehicles.  Opposing defendant's motion for summary judgment, plaintiff argued that provisions of the Peoria Code establish that he was an intended user of the city sidewalk.  Plaintiff also argued that historical and customary use of city sidewalks shows that bicyclists, as well as pedestrians, are intended users of the sidewalks.

Relying on the appellate decision in 
Boub v. Township of Wayne
, 291 Ill. App. 3d 713, 684 N.E.2d 1040 (1997), the trial court found insufficient evidence that the City intended for bicyclists to use the sidewalks.  Instead, the court found that plaintiff was merely a permitted user of the sidewalk and as such, plaintiff's suit against the City was barred by the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/3--102(a) (West 1996)) (Tort Immunity Act).  The court then granted defendant's motion for summary judgment.

On appeal, plaintiff alleges that the court (1) erred in finding that the plaintiff was not an intended user of the residential sidewalk and (2) failed to apply the proper standard for granting summary judgment.  Because our determination of the first issue is dispositive, we do not reach plaintiff's second contention.

ANALYSIS

On appeal from the grant of summary judgment, the function of the reviewing court is to determine whether the trial court properly concluded that there were no genuine issues of material fact and that judgment was correct as a matter of law.  
Booker v. Rogers
, 256 Ill. App. 3d 605, 628 N.E.2d 1192 (1994).  The reviewing court will consider all grounds urged and facts revealed in the trial court when determining the propriety of the entry of summary judgment.  
Dunbar v. Latting
, 250 Ill. App. 3d 786, 621 N.E.2d 232 (1993).  Summary judgment should not be granted unless it is clear that the moving party is truly entitled to it.  
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1, 688 N.E.2d 106 (1997).  Orders granting summary judgment are subject to 
de
 
novo
 review.  
Boub v. Township of Wayne
, 183 Ill. 2d 520, 702 N.E.2d 535 (1998).

The essential issue on appeal is whether the Tort Immunity Act bars plaintiff's action.  Section 3--102(a) of the Tort Immunity Act provides in pertinent part as follows:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity 
intended and permitted
 to use the property in a manner in which and at such times 
as it was reasonably foreseeable that it would be used
 ***."  (Emphasis added.)  745 ILCS 10/3--102(a) (West 1996).

It is well-established that the Tort Immunity Act imposes a duty of care upon municipalities to maintain property only for uses that are both permitted 
and
 intended.  
Boub
, 183 Ill. 2d 520, 702 N.E.2d 535; 
Vaughn v. City of West Frankfort
, 166 Ill. 2d 155, 651 N.E.2d 1115 (1995).  Accordingly, in order to maintain his action against the City of Peoria, plaintiff bicyclist must qualify as both a permitted and an intended user of the sidewalk.  
Boub
, 183 Ill. 2d 520, 702 N.E.2d 535.

In determining plaintiff's status under section 3-102(a), the supreme court indicated that it is appropriate to look to the nature of the property where the accident occurred.  
Boub
, 183 Ill. 2d 520, 702 N.E.2d 535, quoting 
Vaughn
, 166 Ill. 2d 155, 651 N.E.2d 1115.

In 
Boub
, the plaintiff was injured as he was riding his bicycle across a one-lane bridge in rural Wayne Township.  To determine whether the plaintiff cyclist was an intended user of the road and bridge, the court looked at pavement markings, signs, and other physical manifestations of the intended use of the property and found no special pavement markings or signs indicating that bicyclists were intended to ride on the road or bridge.  The court concluded that bicyclists were permitted, but not intended, users of the road and bridge.  
Boub
, 183 Ill. 2d 520, 702 N.E.2d 535.

The City argues that 
Boub
 is controlling and urges us to conclude that plaintiff here is a permitted, but not intended, user of the city sidewalk.  
Boub
 is easily distinguishable, however.  The 
Boub
 court sought to determine whether an adult bicyclist was an intended user of a township road and bridge, while the plaintiff in this case is an infant bicyclist injured while riding on a residential sidewalk.  Indeed, the factual circumstances of the instant case are sufficiently dissimilar from 
Boub
 to permit a finding that the plaintiff is both an intended and permitted user of the sidewalk.  

Considering the nature of the property at issue here, it is safe to conclude that rural roads and bridges differ markedly in nature from a residential sidewalk.  Technically, a sidewalk is "that portion of a street between the curblines or the lateral lines of a roadway and the adjacent property lines, intended for the use of pedestrians."  City of Peoria Code, Chapter 28, Section 28--2 (1957).  Common sense would indicate, however, that the nature of a sidewalk includes use by children in strollers, motorized wheelchairs, tricycles, training bicycles, junior bikes, roller blades and roller skates.  See 
Larson v. City of Chicago
, 142 Ill. App. 3d 81, 491 N.E.2d 165 (1986) (a child roller skater on a residential city sidewalk was an intended user).

We also consider historical and customary use as relevant factors in determining the intended use of the sidewalks.  In 
Marshall v. City of Centralia
, 143 Ill. 2d 1, 570 N.E.2d 315 (1991), the supreme court acknowledged historical use as an indicator of intended use.  Contrary to defendant's argument, 
Boub
 did not "expressly reject" 
Marshall
, nor did the supreme court in 
Boub
 hold that historical use is irrelevant.  On the contrary, the 
Boub
 court merely stated that 
Marshall
 does not stand for the proposition that historical practice 
alone
 is sufficient to establish a particular use of public property as an intended use.  
Boub
, 183 Ill. 2d 520, 702 N.E.2d 535.  Historical practice, when considered in conjunction with other factors, remains a valid indicator of intended use of public property.  Here, plaintiff relies on evidence of historical and customary use of sidewalks by children on bicycles to avoid the hazards of vehicular traffic on busy city streets.  Considered in conjunction with the other arguments advanced by plaintiff, we find that plaintiff's evidence of historical and customary use of sidewalks is compelling proof that an infant bicyclist is an intended user of the sidewalk.

Defendant admits that children riding bicycles, tricycles, training bikes or roller skates have historically used the city's sidewalks and anticipates that they will continue to do so.  Defendant contends, however, that the mere designation of a bicycle route is "overwhelming" evidence that bicyclists are intended users of the streets.  While it is true that the map establishes certain bicycle routes throughout the city, the logical inference is that this route is to be used by adult bicyclists while they navigate the city.  We do not believe that the city, in its designation of bicycle routes, intended for infant bicyclists to share busy city streets with motor vehicles.  Moreover, we find offensive the City's contention that it has:

"merely restricted its duty of care in maintenance of its sidewalks to pedestrians.  Bicyclists are free to continue to use the sidewalks if they wish.  They do so, however, at their own peril and risk."

While this argument may be valid in a case involving an adult bicyclist, it is not applicable here.  To allow the City to "merely restrict" its duty of care and to countenance the suggestion that infant bicyclists are free to use the sidewalks but must do so at their own peril and risk would be inconsistent with the city's obligation of reasonable care for all foreseeable users.  See 
Larson
, 142 Ill. App. 3d 81, 491 N.E.2d 165.  We decline to give such weight and authority to a simple map depicting bicycle routes and to conclude, as the trial court did, that infant bicyclists are excluded from the city's duty of care to maintain its sidewalks.

Rather than relying on the bicycle map as the definitive indicator of the City's intent, we next consider the intent expressed by the local entity in its ordinances or city codes.  As the 
Boub
 court established, the intent expressed by the local entity is controlling.  
Boub
, 182 Ill. 2d 520, 702 N.E.2d 535.  Relying on the definition of sidewalk which includes the phrase "intended for the use of pedestrians," defendant contends that the City has shown by express designation that pedestrians are the only intended users of its sidewalks.  Defendant claims that this sole reference to the use of city sidewalks is clear and unambiguous evidence of the City's intent and urges us to dismiss all other references to the intended use of sidewalks.

The primary rule in statutory construction requires courts to give effect to the intent of the legislature.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 664 N.E.2d 61 (1996).  The best indication of the intent of the legislature is the language of the subject statute (
Brock v. Anderson Road Ass'n
, 287 Ill. App. 3d 16, 677 N.E.2d 985 (1997)), and courts must give clear and unambiguous terms in a statute their plain and ordinary meaning (
County of DuPage v. Graham, Anderson, Probst & White, Inc.
, 109 Ill. 2d 143, 485 N.E.2d 1076 (1985)).  One of the principles of statutory construction is to view all provisions as a whole.  
People v. Acevedo
, 275 Ill. App. 3d 420, 656 N.E.2d 118 (1995).  Words and phrases should not be construed in isolation, but must be construed in light of other relevant provisions of the statute.  
Antunes v. Sookhakitch
, 146 Ill. 2d 477, 588 N.E.2d 1111 (1992).  Moreover, in construing statutes or ordinances, the courts presume that the legislature or local entity did not intend absurdity, inconvenience or injustice.  
Harris v. Manor Healthcare Corp.
, 111 Ill.2d 350, 489 N.E.2d 1374 (1986).  Review of questions of statutory construction are undertaken 
de
 
novo
.  
Wright v. Chicago Municipal Employees Credit Union
, 265 Ill. App. 3d 1110, 639 N.E.2d 203 (1994).

When we consider the following sections of the Peoria Code, it becomes apparent that the conclusion urged by defendant is at odds with the very basic rule of statutory construction which warns against construing words and phrases in isolation.  Plaintiff cites three sections of the Peoria Code as evidence that bicyclists are among the intended users of city sidewalks: (1) section 21--1 of the Peoria Code, which defines "parade" and contemplates the use of sidewalks by bicycles, (2) section 28--

489, which prohibits bicycle-riding upon city streets without license tags but exempts sidewalk bikes, scooter bikes, junior bikes and bikes with tires less than 20 inches as being in a separate, diminutive class of bicycles, and (3) section 28-142, which exempts bicycles and motorized wheelchairs from the prohibition of driving vehicles on sidewalks.

We note that defendant fails to challenge the applicability of sections 21--1 and 28--142 of the Peoria Code.  Defendant does challenge, however, the applicability of section 28--489 to the instant case and contends that the purpose of the provision is to require registration of certain bicycles to assist the police department in tracking and recovering stolen bicycles.  Defendant contends that the statutory exemption created for diminutive bicycles merely reflects a legislative determination that smaller bicycles are not stolen as frequently as larger bicycles and therefore, do not need to be registered.  Such legislative intent, however, is not inconsistent with our conclusion that infant bicyclists are intended users of residential sidewalks.  Construed as integral parts of a statutory scheme that makes exceptions for diminutive bicycles, the provisions cited by plaintiff provide sufficient evidence that the City intended for plaintiff, an infant bicyclist, to use the sidewalk.

Plaintiff also cites section 28--498(c) of the Peoria Code, which states that:

"A person propelling a bicycle upon and along a sidewalk, or across a roadway upon and along a crosswalk, shall have all the rights and duties applicable to a pedestrian under the same circumstances."  Peoria Code, Chapter 28, Section 28--498(c) (1957).

Plaintiff argues that this provision expressly confers upon bicyclists all the rights applicable to a pedestrian, including the legally enforceable claim against the city to perform its duty to maintain the sidewalk in a reasonably safe condition.  Though 
Boub
 rejected a similar argument, the court in that case found other statutory provisions which suggested that bicyclists were generally not intended users of roads, streets and highways.  Here, the fact that 
Boub
 compels us to reject plaintiff's argument concerning section 28-498(c) is not fatal to plaintiff's case overall.  Instead, we find that sections 21-1, 28-489 and 28-142 discussed above provide sufficient statutory evidence that plaintiff 
was
 an intended user of the sidewalk.

Even policy considerations in the instant case differ from those addressed in 
Boub
.  The court in 
Boub
 recognized that many road conditions that do not pose hazards to vehicles may nonetheless represent special dangers to bicycles.  The court declined to impose liability, concerned about the potentially enormous costs of paying out claims to bicyclists as well as the costs of upgrading road conditions to meet the special requirements of bicyclists.  Here, the property in question is a sidewalk.  An infant bicyclist is proportionately in the same danger as a pedestrian when encountering a defect in the sidewalk.  The concerns expressed in 
Boub
 are not present here because the city would not have to expend additional amounts of resources to upgrade sidewalk conditions for the use of bicyclists.

We believe the circumstances of this case require a different interpretation of intended user.  Accordingly, we find that plaintiff, an infant bicyclist, is an intended and permitted user of city sidewalks and conclude that he is entitled to a duty of reasonable care from the City of Peoria in its maintenance of city sidewalks.  The grant of summary judgment in favor of defendant was in error and we reverse and remand the cause for proceedings consistent with the opinions expressed herein.

For the reasons stated above, the judgment of the circuit court of Peoria County is reversed and the cause is remanded.

Reversed and remanded.

HOLDRIDGE, P.J., concurring.

JUSTICE KOEHLER, concurring in the judgment and in the Order:

I concur in the judgment of the Court and join in its order.  However, I write separately to address the common sense and public policy considerations that support our conclusion that infant bicyclists are intended users of Peoria's sidewalks.  I agree with the court in 
Garcia v. City of Chicago
, 240 Ill. App. 3d 199, 608 N.E.2d 239 (1992), (concluding that a city ordinance allowing bicycle riding on sidewalks by persons 12 years of age or younger and prohibiting those over 12 years of age from riding on city sidewalks did not violate equal protection) that there are "several rational justifications" for making distinctions between who is and who is not an intended user of city sidewalks. 
These justifications include: (1) the protection of pedestrians; (2) the protection of young children learning to ride bicycles who could be injured if riding on the streets; (3) the slower speeds of children and small bicycles and the lesser degree of danger they pose to others; and (4) the faster speed of adult bicyclists and, consequently, the greater likelihood that they will not see dangers along the sidewalk.  The language of the Peoria City Code, the nature of the property itself, and public policy considerations compel us to conclude that Peoria owes a duty to its young bicyclists.