780 N.E.2d 660 (2001)
202 Ill.2d 304
269 Ill.Dec. 188
Virginia FERGUSON, as Adm'r of the Estate of Franklin Ferguson, Deceased, Appellant,
v.
Dr. Alicia McKENZIE et al., Appellees.
No. 89144.
Supreme Court of Illinois.
January 29, 2001.
*661 Robert M. Winter, Richard Lee Stavins, Chicago (Robbins, Salomon & Patt, Ltd., of counsel), for appellant.
Richard A. Devine, State's Attorney, Chicago (Patrick T. Driscoll, Thomas Lyons, Judith Mondello Wick, Edward C. Snow, Assistant State's Attorneys, of counsel), for appellees.
Justice FREEMAN delivered the opinion of the court:
In Tosado v. Miller, 188 Ill.2d 186, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999), adult plaintiffs brought medical malpractice actions against a county hospital and its employees. A plurality of this court concluded that the applicable statute of limitations was the one-year limitations period of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (745 ILCS 10/8-101 (West 1998)) rather than the two-year limitations period for medical malpractice actions generally, as prescribed in the Code of Civil Procedure (Code) (735 ILCS 5/13-212(a) (West 1998)).
In this case, we are asked to determine the applicable limitations period where an heir in a wrongful death claim was a minor when the cause of action accrued, but whose claim against Cook County was not brought until after her nineteenth birthday. We hold that the one-year limitations period of the Tort Immunity Act ran on her claim. Accordingly, it was time-barred.

BACKGROUND
The record contains the following pertinent evidence. Franklin Ferguson (decedent) went to the Fantas Clinic of Cook County Hospital for removal of cataracts. Decedent, 63 years old, was a diabetic for over 25 years and previously had a heart attack. An electrocardiogram (EKG) produced abnormal findings. The clinic, after subsequent evaluation, cleared decedent for surgery, local anesthetic only. On October 10, 1991, decedent underwent removal of a cataract in his left eye. Later that evening at his home, decedent suffered cardiac arrest and died.
At the time of his death, decedent had a wife, Virginia Ferguson (plaintiff), and five children. Four of his children were adults: Mary Benson, Deborah Emerson, and Brian and Stewart Ferguson. A daughter, Karen Ferguson, was a minor; she was born on May 7, 1974, and was 17 years and 5 months of age at the time of decedent's death.
On October 7, 1993, less than two years but more than one year after decedent's death, plaintiff, individually and as administrator *662 of decedent's estate, brought a medical malpractice action in the circuit court of Cook County. Plaintiff named as defendants Drs. Alicia McKenzie, Jeffrey Nichols, Catherine Kallal, Alan Axelrod, and Maan Elkhadra. The complaint contained, inter alia, a wrongful-death count that alleged damages for injuries to decedent's estate, but did not identify the heirs on whose behalf plaintiff brought the action. We note that Karen was 19 years and 5 months of age when plaintiff filed the original complaint.
On January 11, 1994, plaintiff filed an amended complaint. Plaintiff amended the original wrongful-death count by naming herself and decedent's four adult children as the heirs on whose behalf plaintiff brought the action. Also, plaintiff added a separate wrongful-death count, brought specifically on behalf of Karen, which named Cook County as a defendant. Karen was 19 years and 8 months of age.
Defendants moved for summary judgment. The motion was "aimed at one issue only: whether the lawsuit was timely filed." Defendants argued that plaintiff failed to file the complaint within one year of the occurrence, as required under section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101 (West 1994)). Plaintiff responded that the complaint was timely because section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 1994)) allows an adult two years to file a medical malpractice claim and section 13-212(b) of the Code (735 ILCS 5/13-212(b) (West 1994)) allows a minor eight years to file a medical malpractice claim.
The trial court ruled that the one-year limitations period of the Tort Immunity Act applied to all medical malpractice claims brought against local governmental entities and their employees, including those claims brought on behalf of minors. Accordingly, the trial court granted summary judgment in favor of defendants. The appellate court affirmed. No. 1-98-0617 (unpublished order under Supreme Court Rule 23 (166 Ill.2d R. 23(c))). We allowed plaintiffs petition for leave to appeal (177 Ill.2d R. 315(a)), and now affirm the appellate court.

DISCUSSION
The purpose of summary judgment is not to try a question of fact, but to determine whether one exists. Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 517, 190 Ill.Dec. 758, 622 N.E.2d 788 (1993). Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 1998). In an appeal from the grant of summary judgment, review is de novo. Crum & Forster Managers Corp. v. Resolution Trust Corp., 156 Ill.2d 384, 390, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993).
We are asked to consider another interplay between section 13-212 of the Code and section 8-101 of the Tort Immunity Act. Section 13-212 states in pertinent part:
"Physician or hospital. (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician * * * arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or *663 occurrence alleged in such action to have been the cause of such injury or death.
(b) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician * * * arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday." 735 ILCS 5/13-212(a), (b) (West 1994).
Section 8-101 of the Tort Immunity Act provides:
"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term `civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101 (West 1994).

I. Tosado

Plaintiff concedes that her claims and those of decedent's four adult children are time-barred under Tosado v. Miller, 188 Ill.2d 186, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999). As mentioned earlier, in Tosado, a plurality of this court concluded that the one-year limitations period of section 8-101 of the Tort Immunity Act governs medical malpractice cases brought against local governmental entities and their employees rather than the two-year limitations period of section 13-212(a) of the Code.
Justice Miller, writing for himself and Justice Bilandic, focused on the nature of the defendants rather than on the type of action. He observed that Tort Immunity Act section 8-101 applies only to defendants that are local governmental entities and their employees, while Code section 13-212(a) applies to the broader category of any physician, dentist, registered nurse, or hospital described therein. Justice Miller reasoned that Tort Immunity Act section 8-101 controlled because it was more specific than Code section 13-212(a). Tosado, 188 Ill.2d at 194-95, 242 Ill.Dec. 120, 720 N.E.2d 1075 (plurality op.).
Justice Heiple disagreed with the characterization of Tort Immunity Act section 8-101 as more specific than Code section 13-212(a). He observed that section 8-101 of the Act is more general than section 13-212(a) of the Code because it applies to any civil action, not only to medical malpractice actions. Justice Heiple reasoned that, "to the extent that section 8-101 is more general than section 13-212(a), this is one of those instances where `the legislature intended to make the general act controlling'" and that "section 8-101 was designed to apply broadly to any possible claim against a local governmental entity and its employees." Tosado, 188 Ill.2d at 199, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Heiple, J., specially concurring). Justice Freeman joined in Justice Heiple's special concurrence to this extent. Tosado, 188 Ill.2d at 198, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Freeman, C.J., specially concurring).
In this case, the appellate court relied on Tosado in concluding that section 8-101 of the Tort Immunity Act applied to Karen's claim. However, the plaintiff in Tosado was an adult; that case did not present us with the claim of a minor. Here, it is only Karen's claim that is at issue.

*664 II. The Present Case
Pointing to section 13-212(b) of the Code, plaintiff contends that she had until Karen's twenty-second birthday to bring Karen's wrongful death claim against the county and its physician employees. Therefore, according to plaintiff, Karen's claim was timely.
In their brief, defendants state that they "have never asserted that the statute of limitations would expire against a minor while he or she was still a minor." (Emphasis in original.) Accordingly, defendants acknowledge that plaintiff was not obligated to file Karen's claim while Karen was still a minor. However, defendants contend that once Karen reached 18 years of age, the one-year limitations period of section 8-101 of the Tort Immunity Act began to run. Plaintiff did not bring Karen's wrongful death claim against the county and its physician employees until after her nineteenth birthday. Therefore, according to defendants, the claim was untimely.
We note that plaintiff refers to section 13-212(b) of the Code as a "statute of limitations," or its eight-year repose period as a "limitations period." Such references are inaccurate. Section 13-212(b) is a statute of repose. See Antunes v. Sookhakitch, 146 Ill.2d 477, 486, 167 Ill.Dec. 981, 588 N.E.2d 1111 (1992) (referring to the repose period of section 13-212(b)). A statute of repose differs from a statute of limitations. A statute of limitations governs the time within which lawsuits may be commenced after a cause of action has accrued. However, a statute of repose extinguishes the action itself after a fixed period of time, regardless of when the action accrued. 51 Am.Jur.2d Limitation of Actions § 12 (2000); accord Goodman v. Harbor Market, Ltd., 278 Ill.App.3d 684, 690-91, 215 Ill.Dec. 263, 663 N.E.2d 13 (1995); Highland v. Bracken, 202 Ill. App.3d 625, 632, 148 Ill.Dec. 104, 560 N.E.2d 406 (1990). Unlike a statute of limitations, which begins running upon accrual of a cause of action, a statute of repose begins running when a specific event occurs, regardless of whether an action has accrued or whether any injury has resulted. 54 C.J.S. Limitations of Actions § 4, at 20-21 (1987).
A statute of repose gives effect to a policy different from that advanced by a statute of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his or her cause of action. See Mega v. Holy Cross Hospital, 111 Ill.2d 416, 422, 95 Ill.Dec. 812, 490 N.E.2d 665 (1986). The effect of section 13-212(b) of the Code "is to establish an absolute limit for bringing suit of 8 years or until age 22 for minors injured by medical malpractice, regardless of the plaintiff's lack of knowledge of the cause of action." Franklin v. Cernovich, 287 Ill.App.3d 776, 779, 223 Ill. Dec. 154, 679 N.E.2d 98 (1997).
The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. Kunkel v. Walton, 179 Ill.2d 519, 533, 228 Ill.Dec. 626, 689 N.E.2d 1047 (1997); Electrical Contractors Ass'n of City of Chicago, Inc. v. Illinois Building Authority, 33 Ill.2d 587, 591-92, 213 N.E.2d 761 (1966). Where there is an alleged conflict between two statutes, a court has a duty to interpret those statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. McNamee v. Federated Equipment & Supply Co., 181 Ill.2d 415, 427, 229 Ill.Dec. 946, 692 N.E.2d 1157 (1998) (and cases cited therein); see People ex rel. Moore v. *665 Chicago, Burlington & Quincy R.R. Co., 414 Ill. 419, 425, 111 N.E.2d 509 (1953). However legislative intent remains the primary inquiry and controls the court's interpretation of a statute. Traditional rules of statutory interpretation are merely aids in determining legislative intent, and those rules must yield to such intent. Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund, 155 Ill.2d 103, 111, 183 Ill.Dec. 6, 610 N.E.2d 1250 (1993).
Applying these principles to this case, we hold that section 13-212(b) of the Code applied to Karen insofar as she was a minor when her cause of action accrued. However, because defendants are a local governmental entity and its employees, the one-year limitations period of section 8-101 of the Tort Immunity Act also applied to Karen and began to run when she reached 18 years of age.
Although Tosado did not involve the claim of a minor, that decision persuades us that section 8-101 of the Tort Immunity Act controls here. Applying the reasoning of Justice Heiple, the legislature intended that section 8-101 of the Act apply "broadly to any possible claim against a local governmental entity and its employees." See Tosado, 188 Ill.2d at 199, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Heiple, J., specially concurring); 188 Ill.2d at 198, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Freeman, C.J., specially concurring). Also, applying the reasoning of Justice Miller, the Act is more specific than the Code in that the former applies specifically to defendants who are local governmental entities or employees thereof See Tosado, 188 Ill.2d at 195, 242 Ill.Dec. 120, 720 N.E.2d 1075 (plurality op.).
Our view of the interplay between section 13-212(b) of the Code and section 8-101 of the Act gives effect to the underlying policy of each provision. The legislative intent of section 13-212(b) of the Code is to reduce the period of potential liability and restrict a minor's ability to sue. Antunes, 146 Ill.2d at 492, 167 Ill.Dec. 981, 588 N.E.2d 1111.
The purpose of the limitation period contained in section 8-101 of the Act is to encourage early investigation into a claim against a local governmental entity when the matter is still fresh, witnesses are available, and conditions have not materially changed. Such an investigation permits prompt settlement of meritorious claims and allows governmental entities to plan their budgets in light of potential liabilities. Because a local governmental entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged limitations period is reasonable. Tosado, 188 Ill.2d at 194-95, 242 Ill.Dec. 120, 720 N.E.2d 1075 (plurality op.).
Our holding protects the possible claims of minors against local governmental entities by preserving the repose period for minors. As we stated in Antunes, 146 Ill.2d at 493, 167 Ill.Dec. 981, 588 N.E.2d 1111:
"Without doubt, Illinois has a long-established policy of protecting the right of minors to bring suit. As stated in McDonald v. City of Spring Valley (1918), 285 Ill. 52, 56 [120 N.E. 476], and reiterated in Severs v. Country Mutual Insurance Co. (1982), 89 Ill.2d 515, 520 [61 Ill.Dec. 137, 434 N.E.2d 290], `A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights.'"
Nonetheless, a party must comply with both section 13-212(b) of the Code and section 8-101 of the Tort Immunity Act.
*666 In this case, Karen, by operation of section 13-212(b) of the Code, was afforded an additional seven months, until she reached 18 years of age, before the one-year limitations period of section 8-101 of the Tort Immunity Act began to run. Since plaintiff failed to add Karen to the action within that time, her claim is time-barred. This result honors the underlying policies of both section 13-212(b) of the Code and section 8-101 of the Act. "When two legislative schemes do not seem completely compatible, they should be interpreted so that meaning and effect is given to each statute." Stephens v. Cozadd, 159 Ill.App.3d 452, 456, 111 Ill.Dec. 423, 512 N.E.2d 812 (1987).

CONCLUSION
For the foregoing reasons, the judgment of the appellate court is affirmed.
Affirmed.
Justice McMORROW, dissenting:
At issue in this appeal is whether the one-year limitations period in section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 1998)) or the eight-year statute of repose in section 13-212(b) of the Code of Civil Procedure (735 ILCS 5/13-212(b)(West 1998)) applies to a medical malpractice wrongful-death claim brought by a minor against a local governmental entity or its employees. The majority, relying upon this court's severely split decision in Tosado v. Miller, 188 Ill.2d 186, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999), holds that the one-year limitations period of the Tort Immunity Act applies. For the reasons more fully set forth in my dissenting opinion in Tosado, 188 Ill.2d at 201, 242 Ill.Dec. 120, 720 N.E.2d 1075 (McMorrow, J., dissenting, joined by Rathje, J.), the majority's decision today continues an unwarranted and unprecedented departure from our traditional jurisprudence. I therefore respectfully dissent.
In Tosado, this court was asked to decide whether the two-year limitation period in section 13-212(a) of the Code of Civil Procedure (735 ILCS 5/13-212(a) (West 1992)) or the one-year limitation period in section 8-101 of the Tort Immunity Act applies to medical malpractice actions brought by adults against local governmental entities and/or their employees. Although four members of this court agreed with the disposition that the one-year limitations period in section 8-101 of the Tort Immunity Act applies to these actions, there was no majority agreement on the basis for that result. A plurality opinion, authored by Justice Miller and joined by Justice Bilandic, found that section 8-101 applied because it was more specific than section 13-212(a). In separate concurring opinions, Justice Heiple and then Chief Justice Freeman reasoned that section 8-101 applied because the Illinois General Assembly had intended to make this general act controlling.
In the matter at bar, we are presented with a question similar to that in Tosado: we must determine which of two conflicting statutory provisions controls. Specifically, we must decide whether the eight year statute of repose contained in subsection (b) of section 13-212 of the Code of Civil Procedure or the one-year limitation provision in section 8-101 of the Tort Immunity Act applies to medical malpractice wrongful death claims brought by a minor. The majority concludes that, upon the minor's attainment of the age of 18, the one-year limitations period of section 8-101 of the Tort Immunity Act applies. Recognizing the fragmented nature of this court's decision in Tosado, the majority in the matter at bar employs the reasoning found *667 in both the Tosado plurality opinion [1] and in the Tosado special concurrences to support its result. This approach is unpersuasive and may result in further uncertainty with respect to the appropriate analysis to be employed.
The plurality opinion in Tosado focused exclusively on the nature of the defendants in determining which of the two statutes more specifically applied to Tosado, the plaintiff before the court. The plurality concluded that section 8-101 of the Tort Immunity Act was more specific than section 13-212(a) of the Code of Civil Procedure because the former provision applies to defendants which are local governmental entities and their employees, a category of defendant which, in the plurality's view, was more specific than the broader group of physicians, dentists, registered nurses or hospitals described in section 13-212(a). Tosado, 188 Ill.2d at 195, 242 Ill.Dec. 120, 720 N.E.2d 1075.
In dissent, I observed that, traditionally, in determining which of two statutes is more specifically applicable to a particular controversy, most courts have looked primarily to the nature of the plaintiff's cause of action and the type of injury sustained by the plaintiff Applying these traditional rules of analysis, it was my opinion that section 13-212(a) was more specifically applicable because it more narrowly defined the plaintiffs, their injuries and the nature of their claims. Tosado, 188 Ill.2d at 202-04, 242 Ill.Dec. 120, 720 N.E.2d 1075 (McMorrow, J., dissenting, joined by Rathje, J.) I further observed that, absent either explanation or citation to authority, the plurality shifted the analytical focus to the nature of the defendant. It was only by altering the focus of the analysis that the plurality could escape the conclusion that section 13-212 was more specifically applicable. Tosado, 188 Ill.2d at 204-05, 242 Ill.Dec. 120, 720 N.E.2d 1075 (McMorrow, J., dissenting, joined by Rathje, J.).
I continue to adhere to my previously articulated view. In the instant cause the majority, applying the reasoning of the Tosado plurality opinion, finds that section 8-101 is more specific than 13-212(b) because it applies to a more narrow class of defendants, namely, local governmental entities and their employees. 202 Ill.2d at 312, 269 Ill.Dec. at 193, 780 N.E.2d at 665. In accordance with the reasons stated in my dissent in Tosado, I submit that section 13-212(b) controls because it more narrowly defines the plaintiffs, their injuries, and the nature of their claims. Specifically, section 13-212(b) applies only "where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years," and specifies that the cause of action must involve damages for "injury or death * * * arising out of patient care." 735 ILCS 5/13-212(b) (West 1994). Applying the traditional modes of analysis, it is evident that the provisions of section 13-212(b) are far more specific than those of section 8-101, which apply to a "civil action" for "any injury." 745 ILCS 10/8-101 (West 1994).
In addition, as more fully explained in my Tosado dissent, the conclusion that section 13-212(b) is more specifically applicable to the cause at bar is further supported by the fact that section 13-212 of *668 the Code of Civil Procedure was enacted subsequently to the enactment of section 8-101 of the Tort Immunity Act. Section 13-212 was enacted in 1982 and the provisions at issue in subsection (b) were enacted in 1987 (735 ILCS Ann. 5/13-212, Historical and Statutory Notes, at 366 (Smith-Hurd 1992)), more than two decades after section 8-101 was enacted in 1965 (745 ILCS Ann. 10/8-101, Historical and Statutory Notes, at 882 (Smith-Hurd 1993)). The fundamental rule of statutory construction is to give effect to the intent of the legislature. It is well established that in seeking to ascertain legislative intent, "[i]t is presumed that the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments." State v. Mikusch, 138 Ill.2d 242, 247-48, 149 Ill.Dec. 704, 562 N.E.2d 168 (1990). Inasmuch as section 13-212 of the Code of Civil Procedure was enacted subsequently to section 8-101 of the Tort Immunity Act, it may be presumed, pursuant to well-settled rules of construction, that the legislature acted with full knowledge of the limitation period in section 8-101.
In support of its result in the matter at bar, the majority also relies upon the reasoning of Justice Heiple and then Chief Justice Freeman in their separate special concurrences in Tosado. Justices Heiple and Freeman agreed with the plurality that the one-year statute of limitations in section 8-101 applied, but found "unpersuasive" the plurality's characterization of the Tort Immunity Act as being the more specific statute. Instead, the two specially concurring justices concluded that, although section 8-101 is more general than section 13-212(a), this was an instance where the legislature intended to make the general act controlling. Tosado, 188 Ill.2d at 199, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Heiple, J., specially concurring); Tosado, 188 Ill.2d at 198, 242 Ill.Dec. 120, 720 N.E.2d 1075 (Freeman, C.J., specially concurring). However, as explained in my dissent, scrutiny of the case cited in support of their proposition, Stone v. Department of Employment Security Board of Review, 151 Ill.2d 257, 266, 176 Ill.Dec. 862, 602 N.E.2d 808 (1992), revealed that the proposition was untenable. Tosado, 188 Ill.2d at 209, 242 Ill.Dec. 120, 720 N.E.2d 1075 (McMorrow, J., dissenting, joined by Rathje, J.).
I continue to adhere to my position in the instant cause. In the matter at bar, the majority, applying the rationale used by Justices Heiple and Freeman in their Tosado special concurrences, concludes that the legislature intended that section 8-101 of the Tort Immunity Act apply broadly to any possible claim against a local public entity and its employees. Again, for the reasons stated in my dissent in Tosado, I conclude that there is no support for the holding that this case presents an instance in which the legislature intended to make the general provision controlling.
In sum, the majority's decision today continues its unwarranted departure from traditional modes of analysis. In my dissent in Tosado, I observed that the plurality opinion left many questions unanswered, and wrote that "[t]he plurality's newly conceived approach in determining the specificity of conflicting statutory provisions needlessly upsets long-established principles and may result in uncertainty among members of the bench and bar regarding which analysis should be employed." Tosado, 188 Ill.2d at 206, 242 Ill.Dec. 120, 720 N.E.2d 1075 (McMorrow, J. dissenting, joined by Rathje, J.). The majority's opinion today does not alleviate this concern. Indeed, the majority's use of the reasoning of both the Tosado plurality and the Tosado special concurrences, absent an imprimatur of approval as to either *669 approach, leaves the bench and bar with new uncertainties regarding the appropriate analysis to be employed.
For the reasons stated, I dissent from the opinion of the majority.
Chief Justice HARRISON and Justice KILBRIDE join in this dissent.
NOTES
[1] Indeed, the precedential value of a plurality decision is limited, as "plurality decisions of a state supreme court, in which no majority agrees to the reasoning, are not binding under the doctrine of stare decisis; if a majority merely agrees to a particular result, without agreeing as to the grounds for a decision, the parties are bound by the decision but the case provides no binding authority beyond the immediate parties. Such decisions do not overrule prior or inconsistent decisions, and are not authority on any point concurred in by less than a majority." 5 Am.Jur.2d Appellate Review § 602, at 298 (1995).