SECOND DIVISION

No. 1-07-2058

| | | |
|---|---|---|
| LEE A. FREEMAN, JR., as Personal Representative of the Estate of Brena D. Freeman; BRENA AND LEE A. FREEMAN, SR., CHARITABLE ANNUITY LEAD TRUST; LEE A. FREEMAN, JR., IRREVOCABLE FAMILY TRUST; CRISPIN FREEMAN; CLARK FREEMAN; and CASSIDY FREEMAN, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs and Counterdefendants-Appellees, | ) ) | |
| v. | ) ) | No. 06 CH 05413 |
| RICHARD WILLIAMSON, as Successor Liquidating Trustee of Lipper Fixed Income Fund, L.P., a Delaware Limited Partnership, | ) ) ) ) ) | |
| Defendant and Counterplaintiff-Appellant. | ) ) ) ) | Honorable Bernetta Bush, Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

This appeal arises from an order by the circuit court granting a declaratory

judgment of nonliability in favor of plaintiffs Lee A. Freeman, Jr., as personal

representative of the estate of Brena D. Freeman; the Brena and Lee A. Freeman, Sr.,

Charitable Annuity Lead Trust; the Lee A. Freeman, Jr., Irrevocable Family Trust;

Crispin Freeman; Clark Freeman; and Cassidy Freeman (plaintiffs) and dismissing

counterclaims filed by defendant Richard Williamson, the successor liquidating trustee

(Trustee) of the Lipper Fixed Income Fund, L.P. (the fund), a Delaware limited partnership, against plaintiffs, who were former limited partners/investors in the fund. The court found Trustee's claims against plaintiffs were time-barred under the provisions of the Delaware Revised Uniform Limited Partnership Act (6 Del. Code Ann. tit. 6, §17-101 *et seq.* (Michie 1999)) (Delaware Act). On appeal, Trustee argues the court erred in finding his claims time barred under Delaware law because the claims did not arise under the partnership agreement or under the Delaware Act. We affirm.

BACKGROUND

The fund was a limited partnership organized under Delaware law in 1993. Its principal place of business was New York, New York. Investors joined the fund as limited partners by entering into a partnership agreement with the general partner, Lipper & Company, L.P., also a Delaware limited partnership (the general partner). Pursuant to the agreement, limited partners had no role in the management of the fund, their participation being limited to making capital contributions to the fund which would be credited to each limited partner's individual capital account. The value of the capital accounts increased or decreased according to each limited partner's capital contribution to the fund and *pro rata* share of any gains or losses in the fund's assets/investments. The agreement assigned the general partner complete control to manage the fund, including the power to invest the fund's assets, maintain the fund's accounts and records, value the fund's assets and send the limited partners monthly statements of the value of their capital accounts and any increases and losses therein resulting from

2

the fund's operation as determined by the general partner.

Section 10.05 of the agreement, titled "Governing Law," provides:

"Notwithstanding the place where this Agreement may be executed by any of the parties, the parties expressly agree that all the terms and provisions hereof shall be construed under the laws of the State of Delaware and, without limitation thereof, that the Partnership Act as now adopted or as may be hereafter amended shall govern the partnership aspects of this Agreement."

The agreement defines "Partnership Act" as "'the Delaware Revised Uniform Limited Partnership Act, as amended from time to time," *i.e.* the Delaware Act (6 Del. Code Ann. tit. 6, §17-101 (Michie 1999)) (Delaware Act).

Section 17-607(c) of the Delaware Act provides that "[u]nless otherwise agreed, a limited partner who receives a distribution from a limited partnership shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution." 6 Del. Code Ann. tit. 6, §17-607(c) (Michie 1999).

Plaintiffs, residents of Illinois, variously became limited partners in the fund in 1993 and 1994 by entering into a limited partnership agreement with the general partner. Plaintiffs each contributed to and received distributions from their respective capital accounts during their participation in the fund. In 1999, plaintiffs withdrew from participation in the limited partnership. By October 1999, each had ceased being a limited partner and received final distributions from the fund of the balances in his or her

capital account as determined by the general partner.

In 2002, upon the resignation of the fund's portfolio manager, the general partner discovered that the fund's assets had been cumulatively overstated by more than $329 million for the period between January 1995 and 2001. It made the decision to liquidate the fund. In 2002, the Supreme Court of New York granted approval for the liquidation and, in 2003, appointed Trustee to oversee the liquidation. In 2004, the New York court authorized Trustee to pursue the partnership's rights against third parties

Trustee determined that limited partners such as plaintiffs, who received distributions from the fund during the overvaluation period, received overvalued distributions, *i.e.*, more than they were entitled to receive. Although conceding that plaintiffs were unaware of the overvaluations and innocently received the overpayments, in 2006, Trustee demanded plaintiffs return the overpayments and threatened to sue them if they did not return certain specified portions of the distributions they had received.

Plaintiffs refused to return the alleged overpayments and filed a declaratory judgment action in the circuit court of Cook County in 2006 seeking a determination by the court of the rights of the parties under both the agreement and the Delaware Act. They sought a finding that they were not liable to the Trustee or the fund for any amounts received as past distributions. Plaintiffs argued, in relevant part, that Trustee's claims were time barred due to the expiration of the three-year liability period for distributions stated in section 17-607(c) of the Delaware Act and that the agreement

itself provided that a partner had no obligation to restore a negative balance in its capital account. Trustee answered and filed a three-count counterclaim for unjust enrichment, money had and received and conversion.

Plaintiffs filed a combined motion pursuant to sections 2-615(e) and 2-619 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615(e), 2-619 (West 2006)) for judgment in favor of plaintiffs on the declaratory judgment and dismissal of the counterclaims as a matter of law, asserting in relevant part the expiration of the three-year period provided in section 17-607(c). The court granted dismissal of the conversion counterclaim. It denied the motion regarding the declaratory judgment action and the unjust enrichment and money had and received counterclaims.

Subsequently, the court, *sua sponte*, reconsidered and reversed its decision, finding in favor of plaintiffs on both the declaratory judgment action and dismissal of the two remaining counterclaims. The court determined that the agreement applied to the counterclaims; Delaware law applied to the agreement; the three-year statute of limitations in section 17-607(c) applied to the counterclaims; and Trustee's efforts to recoup the overpayments were, therefore, time-barred by the terms of the agreement. The court dismissed the counterclaims with prejudice.

Trustee timely appealed pursuant to Supreme Court Rules 301 and 303 (155 Ill. 2d Rs. 301, 303), contesting the court's grant of a declaratory judgment of nonliability to plaintiffs and dismissal of Trustee's unjust enrichment and money had and received counterclaims. Trustee does not contest the court's dismissal of its counterclaim for

5

conversion.

## ANALYSIS

### Standard of Review

The court granted judgment in favor of plaintiffs on their motion for a declaratory judgment of nonliability and on their motion to dismiss Trustee's counterclaims pursuant to sections 2-615 and 2-619, holding the Delaware Act and section 17-607(c) in particular applied to Trustee's actions pursuant to the agreement and operated to bar his actions. Where, as here, the court's decision to grant a declaratory judgment is not based on factual determinations but rather on a pure question of law, we review the court's decision *de novo*. *Inland Land Appreciation Fund, L.P. v. County of Kane*, 344 Ill. App. 3d 720, 724, 800 N.E.2d 1232, 1236 (2003); *Universal Casualty Co. v. Lopez*, 376 Ill. App. 3d 459, 463, 876 N.E.2d 273, 277 (2007). We similarly apply *de novo* review to a court's grant of a motion to dismiss under either section 2-615 or 2-619 (*Neppl v. Murphy*, 316 Ill. App. 3d 581, 583, 736 N.E.2d 1174, 1178 (2000)) and to the construction, interpretation, or legal effect of a contract (*Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 129, 835 N.E.2d 801, 821 (2005)).

### Application of Delaware Law

The sole issue here is whether the court erred in applying the three-year restriction in section 17-607(c) of the Delaware Act to Trustee's action to recoup the overpayments. The validity of the counterclaims is not at issue, only whether Trustee is time-barred from asserting them.

6

The partnership agreement expressly incorporates section 17-607 of the Delaware Act into the agreement. Section 7.04 of the agreement provides, in relevant part, that the right of a withdrawn partner to receive distributions from the partner's capital account "is subject to the provision by the General Partner for all fund liabilities in accordance with Section 17-607 of the Partnership Act and other applicable law." Further, section 10.05 of the agreement provides:

"Notwithstanding the place where this Agreement may be executed by any of the parties, the parties expressly agree that all the terms and provisions hereof shall be construed under the laws of the State of Delaware and, without limitation thereof, that the Partnership Act as now adopted or as may be hereafter amended shall govern the partnership aspects of this Agreement."

Accordingly, the Delaware Act and, specifically, section 17-607 of the Delaware Act are incorporated into the agreement by reference.

Section 17-607(a) of the Delaware Act provides that a partnership cannot make distributions to a partner if such would cause the liabilities of the partnership to exceed its assets, thus protecting creditors of the partnership. 6 Del. Code Ann. tit. 6, §17-607(a) (Michie 1999). Section 17-607(b) provides that limited partners receiving distributions in violation of section 17-607(a) with knowledge of the violation are liable to the partnership for the distribution, while limited partners with no knowledge of the violation are not liable for any such distribution. 6 Del. Code Ann. tit. 6, §17-607(b) (Michie 1999). Section 17-607(b) also provides that "[s]ubject to [section 17-607(c)],

[17-607(b)] shall not affect any obligation or liability of a limited partner under an agreement or other applicable law for the amount of a distribution."   6 Del. Code Ann. tit. 6, §17-607(b) (Michie 1999).

Section 17-607(c) provides that, "[u]nless otherwise agreed, a limited partner who receives a distribution from a limited partnership shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution."  6 Del. Code Ann. tit. 6, §17-607(c) (Michie 1999).  Section 17-607(c) is unambiguous: a limited partner is not liable for any distribution received from a limited partnership, regardless of whether that distribution violated section 17-607(a) or "other applicable law," if more than three years have passed since the distribution.  Although Trustee argues to the contrary, section 17-607(c) does not apply only to distributions resulting in a partnership's inability to satisfy its creditors, *i.e.*, distributions violating section 17-607(a).  Section 17-607(c) states that a limited partner "shall have no liability *under this chapter or other applicable law*" (emphasis added) (6 Del. Code Ann. tit. 6, §17-607(c) (Michie 1999)), making clear that no matter what the basis for liability might be, the three-year expiration period applies. It is uncontested that more than three years have passed since plaintiffs received the distributions which Trustee seeks to partially recoup.  Accordingly, if section 17-607(c) applies to those distributions, plaintiffs are no longer liable for the return of the distributions and Trustee is time barred from pursuing any claims for them.

It is uncontested that, if Illinois law applies to Trustee's counterclaims, the claims

8

are not time-barred.[1]  Trustee's position, therefore, is that Illinois law rather than Delaware law applies to his efforts to recoup the overpayments and the court erred in holding otherwise.

Trustee argues Illinois law applies to his claims because section 17-607(c) of the Delaware Act is a statute of limitation.  Citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 770 N.E.2d 177 (2002), Trustee asserts that, notwithstanding the agreement's choice of law provision selecting Delaware law to

_____

[1]  Pursuant to section 13-205 of the Code, Illinois has a general five-year statute of limitation for civil actions.  Section 13-205 provides:

"actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."  735 ILCS 5/13-205 (West 2006).

Applying the discovery rule, Trustee's cause of action accrued in 2002 when the fund discovered that its assets had been overvalued for a period of years and that partners who received distributions during that period received more money than they were entitled to receive.  Trustee's 2006 action to reclaim the overpayments was, therefore, within the five-year limitations period in section 13-205 and would not be time-barred under Illinois law.

apply to the agreement, because the issue here concerns a statute of limitations, the law of the forum, Illinois, controls. So long as a choice of law provision does not contravene Illinois public policy and there is some relationship between the chosen forum and the parties to the transaction, an express choice of law provision will be given full effect. *Hartford v. Burns International Security Services, Inc.*, 172 Ill. App. 3d 184, 187, 526 N.E.2d 463 (1988). However, *Belleville Toyota, Inc.* provides that, although a choice of law provision generally will be honored, the law of the forum will control as to statute of limitations matters because statutes of limitations are procedural, fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights. *Belleville Toyota, Inc.*, 199 Ill. 2d at 351, 770 N.E.2d at 194. In *Belleville Toyota, Inc.*, the parties' contract contained a choice of law provision stating that California law would govern the contract. The court, therefore, applied California substantive law pursuant to the choice of law provision but, to determine the timeliness of the plaintiff's claim under contract, applied Illinois law to the statute of limitations issue.

Plaintiffs respond that Delaware law should apply to Trustee's claims because the three-year restriction in section 17-607(c) is a statute of repose rather than a statute of limitations. A statute of repose differs from a statute of limitations in that it is substantive rather than procedural. *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311, 780 N.E.2d 660, 664 (2001). While a statute of limitations merely gives a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued, a statute of repose extinguishes any right to bring the cause of action,

regardless of whether it has accrued or whether any injury has resulted. *Ferguson,* 202 Ill. 2d at 311, 780 N.E.2d at 664; *Cornett v. Gromann Service Company-Retail*, 227 Ill. App. 3d 148, 150, 590 N.E.2d 1013, 1015 (1992).

"A statute of repose gives effect to a policy different from that advanced by a statute of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his or her cause of action." *Ferguson*, 202 Ill. 2d at 311, 780 N.E.2d at 664. The function of a statute of repose " 'is thus rather to define substantive rights than to alter or modify a remedy.' " *Thornton v. Mono Manufacturing Co.*, 99 Ill. App. 3d 722, 726, 425 N.E.2d 522, 525 (1981), quoting *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 199, 293 A.2d 662, 667 (1972). Because a statute of repose is substantive, where an issue concerns a statute of repose, a choice of law provision governs. *Belleville Toyota, Inc.*, 199 Ill. 2d at 351, 770 N.E.2d at 194.

Section 17-607(c) is a statute of repose. Its provision that, "[u]nless otherwise agreed, a limited partner who receives a distribution from a limited partnership shall have no liability under this chapter or other applicable law for the amount of the distribution after the expiration of 3 years from the date of the distribution" clearly terminates the possibility of the limited partner's liability after a defined period of time, three years after receiving a distribution, regardless of whether a potential plaintiff knows of his or her cause of action. Section 17-607(c) defines substantive rights. It does not merely alter or modify a time period within which a cause of action may be

11

brought after accrual but, rather, extinguishes any right a potential plaintiff has to bring a cause of action against a limited partner for a distribution without regard to whether a cause of action has actually accrued or whether any injury has resulted. Accordingly, because section 17-607(c) is a statute of repose affecting substantive rights, to determine the timeliness of Trustee's claims under the agreement, we must apply Delaware law pursuant to the parties' choice of law provision. Under Delaware Act section 17-607(c), Trustee's claims filed more than three years after plaintiffs received the contested distributions are time-barred.

Trustee argues, however, that his claims do not arise under the partnership agreement and, therefore, the choice of law provision does not apply to his claims. We grant that there is no provision in the agreement which deals directly with the issue of overpayments to partners or with the obligations of partners who have withdrawn from the partnership to reimburse the partnership for overpayments. Indeed, there is no provision in the agreement that addresses the obligations of a limited partner after that partner has withdrawn from the partnership and ceased to be a partner, *i.e.,* become a "former partner" as defined by the agreement.[2]

---

[2] Throughout the agreement, provisions specifically refer to "partners", "former partners," "general partners," "former general partners," "limited partners" and "former limited partners," clearly indicating that a "partner," whether general or limited, is not the same as a "former partner." Section 2.09(e) of the agreement defines "former limited partners" and "former general partners" as "persons or entities which from time to time

As plaintiffs point out, section 8.03 of the agreement does provide that "[n]o partner shall have an obligation to restore a negative balance in its capital account." However, we do not find this section evidence that the agreement covers the issue of overpayments to former partners or that Trustee's claims are, therefore, specifically prohibited by the agreement through section 17-604(c). First, section 8.03 applies to "partners", not to "former partners," such as plaintiffs, who have withdrawn from the partnership and have, by definition, ceased to be partners.[3] Second, as limited partners who have withdrawn from the partnership, plaintiffs no longer have capital accounts, let alone capital accounts with a negative balance. Section 8.03 is clearly not applicable to the situation at bar. Accordingly, Trustee is correct that the agreement does not address directly the situation he seeks to remedy by recouping alleged overpayments from plaintiffs.

Nevertheless, we find Trustee's claims do arise under the partnership agreement. The agreement sets the general partner's duty to valuate the fund's assets

_____

cease to be limited partners or a general partner, as the case may be, under this agreement." Section 7.03 of the agreement specifies that, a "limited partner ceases to be a partner" on the effective date of the limited partner's withdrawal from the partnership/fund. Therefore, when plaintiffs withdrew from the partnership in 1999, they ceased to be "limited partners" and became "former limited partners" or "former partners."

[3] See footnote 2.

13

and make distributions to limited partners in the fund and the limited partners' right to receive such distributions. There is, therefore, no question that any distributions plaintiffs received were made pursuant to the terms of the agreement. In that same agreement, the parties agreed that any terms and provisions of the agreement would be construed under Delaware law and partnership aspects of the agreement would be governed by the Delaware Act. A distribution received from the partnership pursuant to the agreement is clearly a partnership aspect of the agreement. The "partnership aspect" of such a distribution does not cease to exist merely because the partner receiving the distribution ceases to be a partner. The nature of the distribution does not change when the status of its holder changes.

Further, the agreement incorporates section 17-607(c) by both direct (section 7.03 of the agreement) and indirect (choice of law section 10.05) reference. Section 17-607(c) specifically refers to distributions received by limited partners from the limited partnership. There is no question the distributions Trustee is claiming are such distributions. There is, therefore, also no question that those distributions are, through the incorporation of section 17-607(c) into the agreement and its reference to distributions received by limited partners, incorporated into the agreement as well and Trustee's claims against those distributions arise under the agreement. Because the Trustee's efforts to recoup the excess distributions arise under the agreement, Delaware law applies to those efforts. Applying section 17-607(c) of the Delaware Act to Trustee's claims, we find the claims time-barred.

For the reasons stated above, we affirm the decision of the circuit court.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.

1-07-2058

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

LEE A. FREEMAN, JR., as Personal Representative of the Estate of Brena D. Freeman; BRENA AND LEE A. FREEMAN, SR., CHARITABLE ANNUITY LEAD TRUST; LEE A. FREEMAN, JR., IRREVOCABLE FAMILY TRUST; CRISPIN FREEMAN; CLARK FREEMAN; and CASSIDY FREEMAN,

Plaintiffs and Counterdefendants-Appellees,

v.

RICHARD WILLIAMSON, as Successor Liquidating Trustee of Lipper Fixed Income Fund, L.P., a Delaware Limited Partnership,

Defendant and Counterplaintiff-Appellant.

No. 1-07-2058

Appellate Court of Illinois
First District, Second Division

June 24, 2008

JUSTICE KARNEZIS delivered the opinion of the court.

HOFFMAN, P.J., and SOUTH, J., concur.

Appeal from the Circuit Court of Cook County.

The Honorable Bernetta Bush, Judge Presiding.

For APPELLANT: Lasky & Rifkind, Ltd., of Chicago, IL (Norman Rifkind, Leigh R. Lasky and Amelia S. Newton, of counsel) and Labaton Sucharow LLP, of New York, NY (Joseph Einstein and Jonathan Gardner, of counsel)

For APPELLEE: Jenner & Block, LLP, of Chicago, IL (Richard P. campbell, of counsel)

1-07-2058

and Law Offices of Nancy A. Temple, of Chicago, IL